IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marcus Jackson, | Case No. 3:14 CV 2042 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING |
| -vs- | COMPLAINT |
| Neil Turner, *Warden*, et al., | JUDGE JACK ZOUHARY |
| Defendants. | |

### INTRODUCTION

Pro se Plaintiff Marcus Jackson, a state prisoner incarcerated in the North Central Correctional Complex, sues a dozen prison employees, seeking damages and injunctive relief. He names as Defendants Warden Neil Turner, Sargeant Moore, Mrs. Curry, Mr. Shepfield, Mr. Ryan, Mr. Hall, M.C. McLaughlin, M.C. McThesney, "Nurse," and three Doctors (Wilson, Stine, and Burkes). For the reasons below, this Court dismisses the Complaint (Doc. 1).

### BACKGROUND

Jackson alleges Defendants denied him constitutional "conditions of treatment and confinement" (Doc. 1 at 3). Jackson claims Defendants provided "improper medical care and treatment" for his hearing problem; though he has a daily pass to obtain ear drops, Defendants wrongly diagnosed him as not being hearing impaired and denied him treatment in a "hearing program" as well as other "medications & test[s]" (*id*. at 3–4); and he was subjected to other "inhumane conditions" of confinement, complaining generally of overcrowding, "the bath rooms

and kitchen," and "[b]ad food with bacteria and germs and [salmonella] poisoning and E Coli" (*id*. at 4–5). He concludes Defendants are "clearly failing" to protect him from other inmates as the "gym and bed area [are] very open to attacks" (*id*. at 5). Jackson states Defendants daily violated the Americans with Disabilities Act ("ADA"); and complains generally about inmate-on-inmate violence without identifying when any such incident occurred or that he was the victim of any such violence (*id*. at 5).

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A plaintiff fails to state a claim upon which relief may be granted when that claim lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level, assuming all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The complaint must contain sufficient factual content "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (ellipsis and internal quotation marks omitted). In reviewing a complaint, this Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

2

"[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must . . . allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.,* 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).

## DISCUSSION

For his Eighth Amendment claims, Jackson must allege facts "establish[ing] the existence of a sufficiently serious medical need. Seriousness is measured objectively, in response to contemporary standards of decency." *Reilly v. Vadlamaudi*, 680 F.3d 617, 624 (6th Cir. 2012) (internal quotation marks and citations omitted). *See also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also "show that prison officials have a sufficiently culpable state of mind in denying medical care" or other constitutionally adequate living conditions. *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (quotation marks omitted). The "plaintiff must [allege] that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Id*.

Jackson's claims fail for at least four reasons. First, he only names in the Complaint a string of Defendants without alleging any facts that show how each Defendant deprived Jackson of his constitutional rights. Second, and relatedly, the Complaint's allegations are fatally vague and conclusory; Jackson fills the majority of the Complaint with legal conclusions unsupported by factual allegations. Third, with respect to Jackson's complaints about medical care, his allegations do not support a plausible inference that he suffers from a serious medical need, or that any Defendant was deliberately indifferent to that need. The Complaint refers only to Jackson's hearing problems, for which he received treatment. Where, as here, "a prisoner has received some medical

3

attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Fourth, Jackson has not alleged a plausible ADA claim. The ADA bars a public entity from excluding a disabled person from "services, programs, or activities" on the basis of the person's disability. 42 U.S.C. § 12132. Jackson has not plausibly alleged that he is a "a qualified individual" with a disability within the meaning of the ADA, or that Defendants discriminated against him because of that disability.

## CONCLUSION

For these reasons, this Court dismisses the Complaint (Doc. 1) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U.S. DISTRICT JUDGE

March 31, 2015